structions to Joslyn to deliver the deed to the plaintiff upon the death of the grantor, to the extent of the standing timber, and that title to the timber could not vest in the plaintiff.

It has long been settled that a deed may be delivered by a grantor to a stranger, with instructions that it be delivered to the grantee after the death of the grantor; and where no right to revoke such instructions is reserved, such second delivery relates back to the first delivery, and title passes as of the date of the first delivery. Hathaway v. Payne, 34 N. Y. 92; Campbell v. Morgan, 68 Hun, 490, 22 N. Y. Supp. 1001; Stonehill v. Hastings, 202 N. Y. 115, 94 N. E. 1068. In Stanton v. Miller, 58 N. Y. 192, the grantor did not make an absolute delivery of the conveyance to the custodian. On the contrary, he expressly reserved dominion over the deed, and the right to withdraw it. In Jackson v. Rowland, 6 Wend. 667, 22 Am. Dec. 557, the custodian, at the time the deed was delivered to him, was not instructed to deliver the deed. When the instructions to deliver the deed were finally given, judgments had been entered against the grantor, and the lands sold. The judgments were held to be a prior lien. In Ranken v. Donovan, 46 App. Div. 225, 61 N. Y. Supp. 542, affirmed 166 N. Y. 626, 60 N. E. 1119, the grantor specifically instructed the custodian to deliver the deed to the grantee (the defendant) upon the death of the grantor. After these instructions, and the deposit of the deed with the custodian, the grantor executed a last will and testament, devising the premises to the plaintiff. It was there held that the defendant's title vested at the time of the delivery of the deed to the custodian, and took precedence over the subsequent devise to the plaintiff.

[2] It was also held in the Ranken Case that a deed executed by the defendant's grantor after the delivery to the custodian of the defendant's deed was not receivable in evidence on the question of Ranken's intent in making the conveyance to the defendant. Under this authority the sale of the timber and the deposit of the avails in the savings bank to the credit of Frederick M. Little is no evidence that at the time he deposited the plaintiff's deed with Joslyn he intended to reserve the right to revoke the conveyance of the standing timber.

The plaintiff is entitled to judgment adjudging that the avails of the sale of the standing timber is the property of the plaintiff, with costs.

---

BERNARDO v. NEW YORK EDISON CO.  (No. 5762.)

(Supreme Court, Appellate Division, First Department.  May 15, 1914.)

APPEAL AND ERROR (§ 1003*)—REVIEW OF EVIDENCE.

Where the verdict rendered is clearly against the weight of the evidence, the Appellate Division will order a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

Appeal from Trial Term, New York County.

Action by John Bernardo, Jr., an infant, etc., against the New York Edison Company. From a judgment for plaintiff, and from an or-

der denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Thomas H. Beardsley, of New York City, for appellant.

Arthur J. Levine, of New York City, for respondent.

PER CURIAM. We think the verdict was clearly against the weight of evidence, and therefore there must be a new trial. The judgment and order appealed from are reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

STAR CO. v. PRESS PUB. CO. et al. (No. 5753.)

(Supreme Court, Appellate Division, First Department. May 15, 1914.)

1. INJUNCTION (§ 60*) — CONTRACTS FOR PERSONAL SERVICES — RESTRAINING BREACH.

Actions to restrain employés from performing services of a unique and unusual character for other employers are in the nature of actions for specific performance and are resorted to where, from the nature of the services, it would be impossible or difficult to enforce the positive covenant, but a negative covenant not to work for another will not be enforced by injunction unless there is an affirmative covenant which the court would enforce if of such a nature that it could do so, and hence an injunction will be denied where there is no affirmative covenant by the employé to render services to the party seeking the injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 117–119; Dec. Dig. § 60.*]

2. INJUNCTION (§ 60*) — CONTRACTS FOR PERSONAL SERVICES — RESTRAINING BREACH.

To uphold an injunction restraining an employé from performing services of a unique and unusual character for another employer there must be a mutuality of obligation.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 117–119; Dec. Dig. § 60.*]

3. INJUNCTION (§ 60*) — CONTRACTS FOR PERSONAL SERVICES — RESTRAINING BREACH.

An agreement between the publisher of a newspaper and a contributor of drawings, by which the publisher employed the contributor for three years, provided that the publisher should pay the contributor a specified salary each week for which salary the contributor should furnish a series of drawings and that the contributor agreed to make no drawings for any other newspaper during such period. It further provided that, if the contributor was unwilling or incapacitated from furnishing the drawings for the last two years of the term, the publisher would release him from his obligation to do so; provided he should not, during such period, furnish drawings to any other newspaper, and that, in case of his incapacity or unwillingness to furnish the whole or part of such drawings during such two years, it should be optional with the publisher to purchase any of the drawings on the agreed terms. *Held*, that the contributor would not be enjoined from furnishing drawings to another newspaper during such period of two years, since there was no obligation upon him to furnish any drawings to the publisher and no reciprocal obligation on its part to accept the drawings or pay therefor if he failed for a single week to fur-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes